### IN THE UNITED STATES DISTRICT COURT FOR
### THE DISTRICT OF PUERTO RICO

MICHELLE S. MITCHELL, *et al.*

**Plaintiffs**

v.                                              **CIVIL NO.** 23-1276 (RAM)

JASON MEJIAS-CHAVEZ, *et al.*

**Defendants**

---

### MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

On May 30, 2023, Plaintiffs Michelle S. Mitchell and Clarence R. Cheatham ("Plaintiffs") filed a *pro se Complaint*. (Docket No. 2). Therein, Plaintiffs allege that on April 14, 2023, they traveled from San Juan to the Dominican Republic using their World Passport with a travel visa. Id. at 2. After arriving to the Dominican Republic, Plaintiffs claim that they handed their World Passports to a customs official who then "forced" them on a plane to return to San Juan, without explanation. Id. Once in Puerto Rico, Plaintiffs' world passports were allegedly detained by co-defendant Officer Jason Mejias-Chavez. Id. Plaintiffs assert that they unsuccessfully attempted to retrieve their World Passports by communicated with co-defendant Chief Irma Paraliticci. Id. at 3. Plaintiffs request the return of their passports and to be compensated for their expenses. Id.

Civil No. 23-1276                                              Page 2

Throughout these proceedings, the Court has appointed Plaintiff with **four (4)** different pro-bono counsel, all of whom have withdrawn. (Docket Nos. 6, 10, 13, 16).

On September 12, 2023, the Court issued the following order: "ORDER TO SHOW CAUSE: By October 26, 2023, Plaintiffs Michelle S. Mitchell & Clarence R. Cheatham shall show cause why the Complaint should not be dismissed for failure to state a claim upon which relief can be granted." (Docket No. 24).

Plaintiffs filed a *Response to Order to Show Cause* on September 28, 2023 but failed to meet this burden. (Docket No. 27). They posit that the arbitrary seizure of their World Passports violated their due process rights. Id. ¶ 9. Furthermore, Plaintiffs claim that "[t]here was not and is not any law" by the United States indicating that World Passports are not genuine documents. Id. ¶ 10.

28 U.S.C. § 1915(e)(2)(B) gives the Court the authority to dismiss a claim in forma pauperis on the grounds of it being either: frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. A frivolous complaint "**lacks an arguable basis either in law or in fact**, one that contains either inarguable legal conclusions or fanciful factual allegations."

Street v. Fair, 918 F.2d 269, 272-73 (1st Cir. 1990) (citations omitted) (emphasis added). Also, "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Upon reviewing Plaintiffs' allegations, the Court is compelled to dismiss their *Complaint* for being frivolous and for failing to state a claim for which relief can be granted. "The World Service Authority promotes world citizenship by issuing world passports to any person who wants to declare himself/herself a citizen of the world;" El-Bey v. N. Carolina Dep't of Pub. Safety, 2023 WL 1073721, at *5 n. 14 (W.D.N.C. 2023) (internal quotations and citations omitted). Contrary to Plaintiffs' assertions, World Passports "are not recognized, in the United States and in the majority of world nations, as substitutes to official documents, such as national passports." Minister Truth Ali ex rel. Williams v. New Jersey, 2012 WL 4959488, at *3 n.3 (D.N.J. 2012) (collecting secondary sources). The Court concludes that the seizure of these unofficial and unauthorized travel documents by customs officials was therefore not arbitrary.

Civil No. 23-1276                                                    Page 4

Thus, Plaintiffs' *Complaint* at Docket No. 2 is hereby **DISMISSED WITH PREJUDICE.** Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 5th day of October 2023.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge